## SIMS *v.* SCHULT *et al.*

(*Circuit Court, E. D. Missouri, E. D.* October 31, 1889.)

1. WITNESS—ATTENDANCE—MILEAGE.
   Witnesses residing in the district, who attend court in obedience to a subpœna, are entitled to mileage fees for the whole distance necessarily traveled in going to and returning from the place where the court is held, though it exceeds 100 miles.
2. SAME—TAXATION OF COSTS.
   Where the case has been continued at plaintiff's request and at his costs, mileage fees to be paid defendants' witnesses, who have been subpœnaed, and have come more than 100 miles, will not be taxed against plaintiff until the trial of the cause, and until the necessity of the witnesses' personal attendance, in lieu of taking their depositions, may be determined.

At Law. Motion to tax witness fees.

*Hough, Overall & Judson,* for plaintiff.

*Alexander Martin,* for defendants.

THAYER, J. This case was recently continued on application of the plaintiff, and at his cost. Three witnesses appeared in obedience to subpœna, who reside in Pemiscot county, in this district, at a distance of 320 miles from St. Louis, Mo., by the route usually traveled to reach the latter city. A fourth witness attended in obedience to subpœna who resides in Mississippi county, also in this district, and who was compelled to travel 178 miles to reach the place of holding court, in St. Louis, Mo. A motion is filed to compel the clerk to tax the mileage fees and *per diem* of these witnesses against the plaintiff, at whose instance the continuance was granted. The motion is resisted on the ground that, as the witnesses resided more than 100 miles from the place of holding court, mileage fees are not allowable for a distance exceeding 100 miles. The witnesses in question, having been duly subpœnaed, and having reported in obedience to such process, are clearly entitled to mileage fees for the whole distance necessarily traveled in going to and returning from the place of holding court, although it exceeds 100 miles. The circuit judge of this circuit so held in *Holmes* v. *Sheridan,* see note *In re Thomas,* 1 Dill. 421. The rule so announced is reasonable. Witnesses who reside in the district, no matter at what distance from the place of holding court, who obey its process and report, ought not to be compelled to pay their own traveling fees. That would be offering an inducement to parties to disobey legal process. If it is wrong to issue subpœnas for witnesses residing more than 100 miles from the place of holding court, the costs thus wrongfully incurred should be taxed against the party who occasions them. Witnesses should not bear the burden of a fault committed by a party in wrongfully compelling their personal attendance. The clerk will accordingly allow the witnesses who have claimed mileage in this case for the full distance traveled in coming from and in returning to their several homes.

Whether the fees so allowed should be taxed against the plaintiff as a part of the costs of the continuance, or against the defendant who sum-

moned them, as costs unnecessarily and wrongfully incurred, is a different question.   In the case of *Manufacturing Co.* v. *Saliers*, decided by Judge DILLON in this circuit, and reported in 6 Cent. Law J., at page 82, the learned judge held that in some cases it might be proper to secure the personal attendance of witnesses who resided in the district, but at a greater distance than 100 miles from the place of trial.   In that case a general direction was given to the clerk not to tax mileage fees of witnesses against the losing party for a distance in excess of 100 miles, without a special order of court.   That direction has ever since been observed in this district, and will still be observed.   As the present case has not yet been tried, and as the court is not fully advised of the character of the issues to be tried, or of the propriety of the defendants' action in suing out a subpœna to secure the personal attendance of those witnesses in lieu of taking their depositions, an order will not be made at present taxing the fees in question as a part of the costs of the continuance. Such an order may appear to be proper after the final hearing of the cause, depending, of course, upon the character of the facts that the witnesses in question were called to establish.

The motion is sustained in so far as it calls upon the clerk to tax and allow in favor of the witnesses the mileage fees and *per diem* claimed by them.   It is overruled, without prejudice, in so far as it calls upon the clerk at this time to tax the fees in question against the plaintiff as a part of the costs of the continuance.